UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED CENTRAL BANK,

        Appellant,

    v.                                Case No. 11-C-0434

BULK PETROLEUM CORPORATION,

        Appellee.

---

UNITED CENTRAL BANK,

        Appellant,

    v.                                Case No. 11-C-0821

BULK PETROLEUM CORPORATION,

        Appellee.

---

DECISION AND ORDER DENYING BULK PETROLEUM CORPORATION'S MOTION TO DISMISS AS CONSTITUTIONALLY MOOT (DOC. 31), AND REMANDING THE APPEALS TO THE BANKRUPTCY COURT FOR FURTHER FINDINGS

This case is before the court on the motion to dismiss the appeal filed in Case No. 11-C-434 by United Central Bank (UCB) of the March 18, 2012, order of the bankruptcy court granting the motion of Chapter 11 debtor Bulk Petroleum Corporation and its affiliated debtors to enforce their settlement agreement and finding that a contingency of FDIC approval of the settlement had been waived. A related second appeal challenges the order confirming the debtors' first amended plan of reorganization, which, in part, rests on the settlement agreement. During a status conference on May 14, 2012, the court heard oral argument regarding whether the first appeal is moot inasmuch as the settlement agreement has been substantially consummated resulting in the release of claims and

mortgage liens, transfer of properties to third parties, the dismissal of lawsuits, and the transfer of more than $1 million to UCB. In addition, the debtors maintained that the settlement agreement paved the way for the confirmation of their first amended plan of reorganization resulting in transfers, settlements with third parties, and distributions to hundreds of creditors.

Because the court finds that this appeal is not moot in the constitutional sense, the dismissal motion will be denied. Fashioning some form of relief appears to be possible. *See In re Envirodyne Indus., Inc.*, 29 F.3d 301, 303–04 (7th Cir.1994). For example, UCB maintains that a partial remedy that would include an order directing Bulk to surrender properties to UCB valued at approximately $6,000,000. In addition, the settlement resulted in non-debtors receiving releases on approximately $10,000,000 in liabilities owed to UCB and a reversal would restore UCB's right to recover from non-debtors on these liabilities. Finally, the court could order restitution for any real property transferred to third parties, even if it is not possible to recover the property. Although the parties could never be restored to the same positions they held before the enforcement of the settlement agreement and confirmation of the plan, there is no such requirement under the constitutional mootness doctrine.

At the same time, it appears necessary to remand the consolidated appeals to the bankruptcy court for additional findings regarding the equitable concerns raised. The Seventh Circuit has commented that the possibility of financial adjustments among the parties keeps a proceeding alive even if a sale cannot be upset and rights under a plan of reorganization cannot be revised. *U.S. v. Buchman*, 646 F.3d 409, 411 (7th Cir. 2011). Moreover, there is no doubt that unwinding the settlement agreement in this case would

2

raise serious equitable concerns. Any determination of this issue is fact intensive. *Securities and Exchange Commission v. Wealth Management LLC,* 628 F.3d 323, 332 (7th Cir. 2010). However, the bankruptcy court is in the best position to consider any facts the parties proffer regarding reliance interests engendered by the plan and any difficulty that may be encountered if transactions are upset. Now, therefore,

IT IS ORDERED that Bulk Petroleum Corporation's motion to dismiss as constitutionally moot is denied.

IT IS FURTHER ORDERED that the consolidated appeals are remanded to the bankruptcy court for findings of fact regarding the extent to which the settlement agreement has been implemented and the Chapter 11 plan has been consummated.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE